```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re OTAL INVESTMENTS LTD., as Owner      :
of the M/V KARIBA, for Exoneration from or :      OPINION &
Limitation of Liability                    :      ORDER
------------------------------------------------------------------x
OTAL INVESTMENTS LTD.,                     :
                                           :
           Third-Party                     :
           Plaintiff,                      :
                                           :
         - against -                       :      03 Civ. 4304
                                           :
CAPITAL BANK PUBLIC LTD. CO.,              :
ACTINOR CAR CARRIER I AS,                  :
WILH. WILHELMSEN ASA, WALLENIUS            :
WILHELMSEN LINES,                          :
CLARY SHIPPING PTE. LTD.,                  :
MST MINERALIEN SCHIFFAHRT                  :
SPEDITION UND TRANSPORT GMBH, &            :
MINERAL SHIPPING CO. PRIVATE LTD.,         :
                                           :
           Third-Party                     :
           Defendants,                     :
------------------------------------------------------------------x
AUGUSTA ASSICURAZIONI S.p.A.,              :
                                           :
           Plaintiff,                      :
                                           :
         - against -                       :      03 Civ. 9962
                                           :
WALLENIUS WILHELMSEN LINES AS, et al.,     :
                                           :
           Defendants,                     :
------------------------------------------------------------------x
ZURICH INSURANCE CO., et al.,              :
                                           :
           Plaintiffs,                     :
                                           :
         - against -                       :      04 Civ. 1107
                                           :
M/V TRICOLOR, et al.,                      :
                                           :
           Defendants,                     :
------------------------------------------------------------------x
```

Hon. HAROLD BAER, JR., District Judge:

This civil action (consolidated on August 27, 2004, by consent of the parties) has been brought before the Court on a motion in limine and a motion to dismiss an in rem claim by Third-Party Defendants Clary Shipping Pte. Ltd., MST Mineralien Schiffahrt Spedition und Transport GmbH, Mineral Shipping Co. Private Ltd. (collectively "Clary Interests").[1]  For the reasons set forth below, the Clary Interests' motions are both DENIED.

## I. BACKGROUND

On December 14, 2002, the M/V Kariba, the M/V Tricolor, and the M/V Clary were navigating through dense fog in the international waters of the Dover Straits in the English Channel.  As the M/V Tricolor overtook the M/V Kariba, the two ships collided, both vessels sustained damages and the M/V Tricolor subsequently sank with the loss of its cargo.

On December 20, 2002, Plaintiff and Third-Party Plaintiff, Otal Investments Ltd. ("Otal"), owner of the M/V Kariba, brought an action against the M/V Clary for its alleged involvement in the collision.  In connection with that action brought in the Netherlands, Otal attached the M/V Clary in Rotterdam.  A limitation of liability fund was established following which the Rotterdam court released the M/V Clary from the attachment, without providing Otal with any direct security for its claim.  Otal subsequently filed a claim against the limitation of liability fund, as did other parties and now the claims exceed the amount of the fund of $95,000,000 U.S.D. (ninety-five million U.S.D.).

On June 12, 2003, Otal filed a complaint in this Court for exoneration of or a limitation of liability with respect to claims against it that arose from the collision.  Originally, Otal sought contribution from the M/V Tricolor and the M/V Clary for any amounts it might be required to pay for loss or damage to cargo carried on the M/V Tricolor.  Otal did not make a claim at that time for hull and machinery damages or for lost income allegedly suffered by the M/V Kariba as a result of the collision.  Those

---

[1] In addition to Clary, Third-Party Defendants include Capital Bank Public Limited Company, Actinor Car Carrier I AS, Wilh. Wilhelmsen ASA and Wallenius Wilhelmsen Lines AS (collectively "Tricolor Interests").  Also involved in this matter are various owners of damaged cargo (collectively "Cargo Claimants").

claims were later filed against the M/V Clary in the Southern District of Georgia in October 2004.

On January 29, 2004, Otal filed a motion seeking partial summary judgment and asked for a ruling from this Court that in the event the Court determines that any fault on the part of the M/V Kariba caused or contributed to the collision with the M/V Tricolor, that the rule of proportionate fault spelled out in Article 4 of the Brussels Collision Convention of 1910 apply to any claims filed against Otal. On August 6, 2004, this Court endorsed a stipulation between the parties (including the various Cargo Claimants) that stated that "Article 4 of the Brussels Collision Convention of 1910 applies to this action" and "that liability, if any, for claims before this Court between and among cargo interests, Otal, the Tricolor Interests and/or Clary Interests shall be determined in accordance with the 1910 Collision Convention." (Consent Order of Partial Summary Judgment, Aug. 6, 2004, Dckt. #68.) The parties later submitted an Amended Stipulation that the Court endorsed that stated inter alia that the parties agreed that "liability, if any, for claims before this court … shall be determined in accordance with the 1910 Collision Convention." (Amended Stipulation and Order of Dismissal, Dec. 9, 2004, Dckt. # 90.)

On October 23, 2004, Otal filed a complaint in the District Court for the Southern District of Georgia, just prior to the M/V Clary's arrival in that port, asserting claims for collision damage to the M/V Kariba and lost income against the M/V Clary. To avoid tying up the M/V Clary in port, the West of England Ship Owners' Mutual Insurance Association ("WOE") provided Otal with a letter of undertaking as security for Otal's in rem claim in the amount of $1.65 million. The WOE letter of undertaking provides for jurisdiction over Otal's in rem claim in this Court and is conditioned on the right of Clary Interests to dispute it. As a consequence of this undertaking, Otal dismissed its claim in Georgia without prejudice and this Court granted Otal leave to amend its Third-Party Complaint against Clary Interests and the M/V Clary, in rem.

Now, Clary Interests seek to dismiss the in rem claim in this Court as duplicative of the claim filed in Rotterdam, and Clary Interests also seek a declaratory judgment with

3

respect to whether only Article 4 of the Brussels Collision Convention of 1910 applies to this matter.

## II. DISCUSSION

### A. Applicability of the 1910 Brussels Collision Convention

The Clary Interests seek a declaratory judgment with regard to the two stipulations signed by all parties. The first stipulation, a Consent Order of Partial Summary Judgment, concluded "Article 4 of the Brussels Collision Convention of 1910 applies to this action" and dismissed Otal's claims for contribution against Tricolor and Clary Interests. The Amended Stipulation and Order of Dismissal reaffirmed that "liability if any, for claims before this court between and among cargo interests, Otal, the Tricolor Interests and/or the Clary Interests, shall be determined in accordance with the 1910 Collision Convention."

Generally, United States courts will apply the 1910 Collision convention when a collision occurs in international waters between vessels that fly flags of signatory states. See, e.g., Seiricki Kisen Kaisha and Dragon Navigation, S.A. v. Stena Freighter, 629 F. Supp. 1374 (S.D.N.Y. 1986). In this case, there were four months of negotiations between the parties before they seemingly reached agreement on this issue. The Clary Interests claim the intent of the parties was to apply the entire 1910 Brussels Collision Convention, but Otal, on behalf of itself as well as Tricolor Interests and Cargo Claimants, argues that the intent of the parties was to agree only that Article 4 of the Collision Convention (the rule of proportionate fault)[2] should apply to this matter. Both sides contend that the language in the stipulations is clear and unambiguous and dictates a result in their favor. This is because both Article 4 and the title of the Convention are expressly mentioned as applicable.

Otal argues that Clary Interests' only concern during negotiations was that Otal stipulate to the dismissal of Otal's claims for contribution, and that this claim was

---

[2] The relevant portion of Article 4 provides that "[i]f two or more vessels are in fault the liability of each vessel shall be in proportion to the degree of the faults respectively committed. Provided that if, having regard to the circumstances, it is not possible to establish the degree of the respective faults, or if it appears that the faults are equal, the liability shall be apportioned equally." Brussels Collision Convention, Sept. 23, 1910.

4

rendered moot by the Consent Order of Partial Summary Judgment. Also, at one point in the negotiations, counsel for the Cargo Claimants proposed a draft that deleted mention of Article 4, but the proposal was rejected by Otal and the Tricolor parties and the reference to Article 4 was restored. Clary Interests claim to have been left out of some of these negotiations including the draft circulated by Cargo Claimants, but does not claim to have been left in the dark about the issue of how the stipulation would apply to Clary Interests. Indeed Clary Interests must have known this was an issue because the application of Article 4 was part of the motion originally filed by Otal and that motion was expressly referred to and granted as part of both stipulations. This, combined with the use of Article 4 in language of the stipulations, and the fact that Clary Interests signed both stipulations leads this Court to conclude that the parties intended to apply Article 4 of the Brussels Collision Convention of 1910.

In its reply brief, Clary Interests make an additional argument that because the parties stipulated that the 1910 Collision Convention applies, (particularly Article 6, which abolishes legal presumptions of fault), the Pennsylvania Rule, which creates a presumption of causation, cannot apply. This argument is misplaced. The only article of the Brussels Collision Convention of 1910 to which the parties stipulated is Article 4. At this time, this Court is not in a position to rule on whether or not Article 6 of the Brussels Collision Convention also applies, and if so what it portends. Whether the two rules can both apply in a single lawsuit is arguably a novel issue for this Court and if the parties wish to address it, the proper place is in a separate motion <u>in</u> <u>limine</u> where all parties have an opportunity to fully brief and argue their positions.

**B. Motion to Dismiss the <u>In</u> <u>Rem</u> Claim**

Six days after the collision (December 20, 2004) between the M/V Kariba and M/V Tricolor, Otal brought an action against Clary Interests in the Netherlands and attached the M/V Clary to secure its claim for damages. Pursuant to Dutch law, the 1976 Limitation of Liability Convention, Clary Interests filed a limitation proceeding, posted security in an amount governed by the Convention (based on the tonnage of the vessel),

and the vessel was released. Otal then appeared and filed a claim against that limitation fund, as did other parties in this action.

On October 23, 2004, Otal filed an <u>in rem</u> complaint against the M/V Clary in the Southern District of Georgia. After Clary Interests provided the WOE letter of undertaking as security, the <u>in rem</u> claim against the M/V Clary was effectively transferred to and included in the letter of undertaking and the vessel was released. <u>See, e.g.</u>, <u>Mackensworth v. S.S. Am. Merchant</u>, 28 F.3d 246, 252 (2d Cir. 1994)(letter of undertaking became the substitute res for the value of the claim).

Article 13.1 of the 1976 Limitation of Liability Convention states that "where a limitation fund has been constituted in accordance with Article 11, any person having made a claim against the fund shall be barred from exercising any right in respect of such claim against any other assets of a person by or on behalf of whom the fund has been constituted." Convention on Limitation of Liability for Maritime Claims, 1976, art. 13.1. Put another way, if a vessel once attached is attached again in another country (that is also a signatory of the 1976 Convention), the claimant would be told to file a claim against the limitation fund that has already been established, and the vessel would be set free. The limitation fund prevents re-attachment but it does not prevent additional claims, especially in a country like the United States that is not a signatory to the 1976 Convention. Clary Interests argue that as a matter of comity, the court should recognize and give effect to Article 13.1 despite the fact that the 1976 Limitation Convention is not binding on the United States.

The United States adheres to a different law, the U.S. Limitation of Liability Act. 46 U.S.C. App. §§ 181-89. This law operates very much like the 1976 Convention in that it allows parties to institute proceedings in federal district courts to limit liability for loss arising from damage to cargo in certain circumstances. 46 U.S.C. § 185. The purpose, like Article 13.1 of the 1976 Convention, is to draw all those with claims against the shipowner into one concursus of claims. <u>See, e.g.</u>, <u>Maryland Casualty Co. v. Crushing</u>, 347 U.S. 409, 415 (1954). A shipowner that institutes a limitation proceeding may then enjoin the prosecution of any action or proceeding against the shipowner or its property

with respect to any claim subject to limitation in the action. 46 U.S.C. § 185; Fed. R. Civ. P. Supplemental Rule F(3). Put another way, this provision provides a cap on exposure for those on notice and the rest of the world.

Clary Interests have no objection to the in personam claim Otal has filed in this Court, but rather object to the pursuit of Otal's in rem claim here because it is duplicative of the limitation of liability proceeding in the Netherlands. However, Otal correctly argues that the Netherlands has no similar cause of action. Otal has a valid maritime collision lien against the M/V Clary, in rem, pursuant to United States law and Rule C of the Federal Rules of Civil Procedure Supplemental Rules, and that lien is not discharged by any limitation of liability proceeding in the Netherlands. Under the law of the Netherlands, Otal is a creditor with an in personam claim against Clary Interests' limitation fund because in the Netherlands, the injured party can only bring a claim against the owner of a vessel in personam since the action in rem is an unknown concept under Dutch law. (Van Oordt Dec. ¶ 3.) In that regard the in rem claim in this Court is not duplicative. Even if it were, Article 13 of the 1976 Limitation Convention is not binding here since the United States is not a signatory to that Convention.

Clary Interests argue that the Court should employ equity and comity to recognize and give effect to the 1976 Convention and dismiss the in rem claim in this jurisdiction. But equity as well as case law allow for a different result when the issue is the extraterritorial effect of a convention to which the United States is not a signatory.

International comity has been described by the Supreme Court as "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." JP Morgan Chase Bank v. Altos Hornos de Mex., S.A., 2005 U.S. App. LEXIS 11966 at *11 (2d Cir. June 22, 2005) (citing Hilton v. Guyot, 159 U.S. 113, 164 (1895)). Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. See, e.g.,

Cunard Steamship Co. v. Salen Reefer Servs. AB, 773 F.2d 452, 456-60 (2d Cir. 1985). Courts will not extend comity to foreign proceedings when doing so would be contrary to the policies or prejudicial to the interests of the United States. See Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516, 522 (2d Cir. 1985). This doctrine does not create "an imperative obligation of courts but rather is a discretionary rule of practice, convenience and expediency." JP Morgan Chase Bank, 2005 U.S. App. LEXIS 11966 at *12. Here, comity will not be invoked since the United States has chosen not to adopt the 1976 Limitation Convention but rather to enact its own statute.

     A similar case instructive on this point, In re Kreta, 1997 U.S. Dist. LEXIS 2825 (S.D.N.Y. Mar. 14, 1997), dealt with the opposite factual situation there a limitation action was filed under United States law and claims were filed in the district court by foreign claimants. Id. at * 5. Those foreign claimants then attached property and filed additional claims in Sweden. Id. The Court held that the shipowner should not be subject to the same claims by foreign claimants in two jurisdictions, and those claimants should not be entitled to "hedge their bets" by pursuing litigation "both inside and outside of the concursus of the limitation proceeding." Id. at *21. The Court then gave the parties the choice as to the venue in which they would continue. Id. Likewise in this case, Otal has agreed to withdraw its claim in the Netherlands if it prevails on the motion to dismiss in this Court. Clary Interests argue that this is not an equitable result because there are now other claimants in the Dutch action and Clary Interests have had to provide additional security in this country by way of a WOE letter of undertaking. This argument is unavailing because Clary Interests have not paid any premium for the undertaking and if Clary Interests ultimately prevail there will be no recovery from either fund. (Powers, Att'y for Clary Interests, Motion to Dismiss Hearing, May 6, 2005, Tr. 36:22 – 37:22.) While it is true that other claims may remain in the Dutch limitation action, Otal will under no circumstances be entitled to a double recovery and to my way of thinking that resolves any potential inequity.

## III. CONCLUSION

For the foregoing reasons Clary Interests' motions are both DENIED. The Clerk of the Court is instructed to close these motions and any open motions.

**SO ORDERED.**
New York, New York
~~June~~ _____, 2005
July 8, 2005

/s/ Naomi Reice Buchwald
U.S.D.J.