UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re OTAL INVESTMENTS LTD., as Owner       :
of the M/V KARIBA, for Exoneration from or  :     OPINION &
Limitation of Liability                     :     ORDER
------------------------------------------------------------x
OTAL INVESTMENTS LTD.,                      :
                                            :
         Third-Party                        :
         Plaintiff,                         :
                                            :
     - against -                            :     03 Civ. 4304
                                            :
CAPITAL BANK PUBLIC LTD. CO.,               :
ACTINOR CAR CARRIER I AS,                   :
WILH. WILHELMSEN ASA, WALLENIUS             :
WILHELMSEN LINES,                           :
CLARY SHIPPING PTE. LTD.,                   :
MST MINERALIEN SCHIFFAHRT                   :
SPEDITION UND TRANSPORT GMBH, &             :
MINERAL SHIPPING CO. PRIVATE LTD.,          :
                                            :
         Third-Party                        :
         Defendants,                        :
------------------------------------------------------------x
AUGUSTA ASSICURAZIONI S.p.A.,               :
                                            :
         Plaintiff,                         :
                                            :
     - against -                            :     03 Civ. 9962
                                            :
WALLENIUS WILHELMSEN LINES AS, et al.,:
                                            :
         Defendants,                        :
------------------------------------------------------------x
ZURICH INSURANCE CO., et al.,               :
                                            :
         Plaintiffs,                        :
                                            :
     - against -                            :     04 Civ. 1107
                                            :
M/V TRICOLOR, et al.,                       :
                                            :
         Defendants,                        :
------------------------------------------------------------x

1

**Hon. HAROLD BAER, JR., District Judge:**

Before the Court is a motion in limine brought by Third-Party Defendants Clary Shipping Pte. Ltd., MST Mineralien Schiffahrt Spedition und Transport GmbH, Mineral Shipping Co. Private Ltd. (collectively "Clary Interests").[1] For the reasons set forth below, the Clary Interests' motion is Granted.

## I. BACKGROUND

On December 14, 2002, the M/V Kariba, the M/V Tricolor, and the M/V Clary were sailing through dense fog in the international waters of the Dover Straits in the English Channel. As the M/V Tricolor overtook the M/V Kariba, the two ships collided; both vessels sustained damage and the M/V Tricolor subsequently sank with the loss of its cargo, approximately 2000 new automobiles. On June 12, 2003, Otal Investments Ltd. ("Otal"), owner of the M/V Kariba filed a complaint in this Court for exoneration of or a limitation of liability with respect to claims against it that arose from the collision. A trial to determine and apportion liability will begin October 17, 2005.

At the time of the collision, all three vessels flew flags of signatories to the 1910 Brussels Collision Convention.[2] This Court has held that a stipulation between the parties (including the various Cargo Claimants) that stated "Article 4 of the Brussels Collision Convention of 1910 applies to this action" and "that liability, if any, for claims between and among cargo interests, Otal, the Tricolor Interests and/or the Clary Interests shall be determined in accordance with the 1910 Collision Convention" meant that the parties had only contemplated the use of Article 4 of the Convention.[3] In re Otal Invs. Ltd, 2005 U.S. Dist. LEXIS 13321 (S.D.N.Y. July 7, 2005)(Baer, J.). That opinion was to be narrowly construed. I reserved judgment on the issue before me now awaiting more

---

[1] In addition to Clary, Third-Party Defendants include Capital Bank Public Limited Company, Actinor Car Carrier I AS, Wilh. Wilhelmsen ASA and Wallenius Wilhelmsen Lines AS (collectively "Tricolor Interests"). Also involved in this matter are various owners of damaged cargo (collectively "Cargo Claimants").
[2] M/V Kariba flew the flag of the Bahamas, M/V Tricolor flew the Norwegian flag, and M/V Clary flew the flag of Singapore.
[3] The relevant portion of Article 4 provides that "[i]f two or more vessels are in fault the liability of each vessel shall be in proportion to the degree of the faults respectively committed. Provided that if, having regard to the circumstances, it is not possible to establish the degree of the respective faults, or if it appears that the faults are equal, the liability shall be apportioned equally." Brussels Collision Convention, Sept. 23, 1910.

argument. Id. at **5-6. The Clary Interests seek clarification as to whether the rest of the 1910 Brussels Collision Convention also applies, and, particularly Article 6 which abolishes any legal presumption of fault and precludes the application of the rule that emanated from The Pennsylvania, 86 U.S. 125 (1874)("the Pennsylvania Rule"). Otal opposes the motion and is joined in its opposition by various Cargo Claimants.

## II. DISCUSSION

Generally, United States courts will apply the 1910 Collision Convention when a collision occurs in international waters between vessels that fly flags of signatory states. See, e.g., Seiricki Kisen Kaisha and Dragon Navigation, S.A. v. Stena Freighter, 629 F. Supp. 1374 (S.D.N.Y. 1986). Although the United States is not a signatory to the Convention, the Court may apply it to this controversy. See Fed. R. Civ. P. 44.1. There is no dispute that all three vessels in this matter flew flags of signatories to the Convention so it is obvious that the Brussels Collision Convention should apply in its entirety. The only issue here is whether Article 6 of the Brussels Collision Convention precludes application of the Pennsylvania Rule.

Article 6 of the Brussels Collision Convention states in pertinent part that, "[t]here shall be no legal presumptions of fault in regard to liability for collision."

The Pennsylvania Rule, as stated by the Supreme Court, provides:

> The liability for damages is upon the ship or ships whose fault caused the injury. But when, as in this case, a ship at the time of a collision is in actual violation of a statutory rule intended to prevent collisions, it is no more than a reasonable presumption that the fault, if not the sole cause, was at least a contributory cause of the disaster. In such a case the burden rests upon the ship of showing not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been.

The Pennsylvania, 86 U.S. 125, 136 (1874). Pursuant to this Rule, where a party was in violation of a statutory rule intended to prevent collisions, a presumption arises that the

violation was a cause of the casualty.  The burden then rests upon the party that violated the statute to prove that its fault (meaning statutory violation) could not have been a cause of the casualty.   This imposes an extraordinarily strong burden on the party alleged to have violated the regulations.  Here, Otal claims that Clary violated International Regulations for Preventing Collisions at Sea, 33 U.S.C. foll. § 1602, ("COLREGS").  If I were to apply the Pennsylvania Rule, Clary would have the burden of proving that its alleged statutory violations could not have caused or contributed to the collision in order to be excused from liability.

The Pennsylvania Rule has been applied to cases in the Second Circuit, but there does not appear to be any case in which the Court considered whether it should apply with respect to claims arising from a collision governed by the Brussels Collision Convention, so this is a novel issue in this Circuit.

Clary relies heavily on a Ninth Circuit decision that held that Article 6 of the Brussels Collision Convention was not consistent with the Pennsylvania Rule.  In Ishizaki Kisen Co., Ltd. v. United States, 510 F.2d 875 (9th Cir. 1975), a Japanese hydrofoil and a small United States Army vessel collided and the owners of the hydrofoil sued in the United States District Court for the Northern District of California.  The hydrofoil owners argued that the Army vessel violated Japanese Port Regulations.  The trial court placed the burden on the hydrofoil owners to prove that the army vessel's violation contributed to the collision and found that there was no evidence to support this conclusion.  On appeal, the hydrofoil owners contended that the district court should have applied the Pennsylvania Rule.  The Ninth Circuit rejected this contention and held that the Pennsylvania Rule could not be applied in concert with Article 6 of the 1910 Brussels Collision Convention. The Court found that the Pennsylvania Rule is substantive and not a procedural rule of the forum because it is a rule designed to affect the decision of the issue rather than to simply "regulate the conduct of the trial." Id. at 881.  In other words, it is outcome determinative – it is possible, but not likely, that the vessel guilty of a statutory violation will be able to establish that the violation could not reasonably be held to have been a proximate cause of the collision.  As a substantive rule, the Court held, it

should not be applied to a case simply because it is a law of the forum.  Id.  When applied to the facts here, I agree with this reasoning.  Put another way, the Pennsylvania Rule is not appropriate in this action.

Clary contends that the Pennsylvania Rule creates a presumption of fault and is therefore impermissible because Article 6 abolishes presumptions of fault.  Otal and the Cargo Claimants argue that the Pennsylvania Rule does not create a presumption of fault but rather a presumption of causation and as such does not contradict Article 6 of the Collision Convention.  In fact, the cases establish a presumption of causation, which comes into play when fault has been recognized.  But it does not also follow that this is a meaningful distinction.  "Fault" in the Collision Convention has been interpreted to mean "causative fault." N. Healy & J. Sweeney, The Law of Marine Collision, at 52 (1st ed. 1998).

The English courts, in apportioning damages in this type of case combine degrees of fault and degrees of causation.

> [O]nly causative faults are relevant in apportioning liability under the Act. The seriousness or weight of such faults can be looked at from two angles.  First, a fault can be looked at from the angle of its blameworthiness or culpability, irrespective of the extent to which it contributed to the damage or loss concerned.  Second, a fault can be looked at from the angle of the extent to which it contributed to the damage or loss concerned, irrespective of its blameworthiness or culpability.  These two aspects of any relevant fault can conveniently be labeled culpability and causative potency, respectively....
>
> The investigation is concerned with "fault" which includes blameworthiness as well as causation.  And no true apportionment can be reached unless both factors are borne in mind.

Id. (citing Justice Brandon, Apportionment of Liability in British Courts Under the Maritime Convention Act of 1911, 51 Tulane Law Rev. 1025 (1977))(internal citations

omitted).[4] This interpretation of "fault" has also been employed by the Supreme Court in United States v. Reliable Transfer, Co., 421 U.S. 397, 411 (1975), when it adopted language very similar to Article 4 of the 1910 Collision Convention.

> [W]hen two or more parties have contributed by their fault to cause property damage ... liability for such damage is to be allocated among the parties proportionately to the comparative degree of fault, and that liability for such damages is to be allocated equally only when the parties are equally at fault or when it is not possible fairly to measure the comparative degree of their fault. Id.

Finally, any argument that Article 6 was meant only to prohibit statutory and not judicial rules is unavailing. Article 6 appears to address presumptions such as the Pennsylvania Rule without regard to whether they rest on judicial or legislative authority.

Based on the above, it is clear that Article 6 is not consistent with the use of the Pennsylvania rule. As such, this Court declines to apply the Pennsylvania Rule to this dispute and will instead rely only on the 1910 Brussels Collision Convention with respect to apportioning fault between the vessels.

### III. CONCLUSION

For the foregoing reasons Clary Interests' motion is Granted. The Clerk of the Court is instructed to close these motions and any open motions. The trial to determine liability will begin October 17, 2005 at 9:30 a.m.

**SO ORDERED.**
New York, New York
September 29, 2005

_____
U.S.D.J.

---

[4] The Maritime Convention Act of 1911 implements the 1910 Collision Convention.