```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re OTAL INVESTMENTS LTD., as Owner    :
of the M/V KARIBA, for Exoneration from or :
Limitation of Liability                   :
------------------------------------------------------------x
OTAL INVESTMENTS LTD.,                    :
                                          :
            Third-Party Plaintiff,        :
                                          :
        - against -                       :    03 Civ. 4304 (HB)
                                          :
CAPITAL BANK PUBLIC LTD. COMPANY,         :
ACTINOR CAR CARRIER I AS,                 :
WILH. WILHELMSEN ASA, WALLENIUS           :
WILHELMSEN LINES, CLARY SHIPPING          :
PTE. LTD., MST MINERALIEN                 :    ORDER RE: MOTION TO
SCHIFFAHRT SPEDITION UND                  :    AMEND JUDGMENT
TRANSPORT GMBH, MINERAL SHIPPING          :
CO. PRIVATE LTD., AND M.V. CLARY,         :
                                          :
            Third-Party Defendants.       :
------------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge:**

Pursuant to Federal Rule of Civil Procedure Rule 59(e) and Local Rule 6.3, plaintiff and third party plaintiff Otal Investments Limited ("Otal") have filed a motion to amend the Judgment entered February 16, 2006. Otal requests that this Court strike language that limits the scope of the Judgment to persons and corporations in the United States. For the following reasons, Otal's motion is DENIED.

## I. BACKGROUND

The facts of this case are set forth in detail in the January 6, 2006 Amended Opinion & Order, familiarity with which is presumed. In re Otal Investments, Ltd., 2006 WL 14512 (S.D.N.Y. Jan. 4, 2006). In that Opinion & Order, the Court held that the collision between the M/V Kariba and the M/V Tricolor was the sole and exclusive fault of the M/V Kariba and neither the M/V Tricolor nor the M/V Clary were responsible for any portion of the liability that arose from the collision. Parties failed to agree on a judgment to submit to this Court and each submitted a proposed judgment.

## II. DISCUSSION

*1. This Court's Jurisdiction*

From the outset, the Third Party Defendants ("Defendants") argue that this Court does not have jurisdiction to decide this motion to amend the judgment. Otal filed a Notice of Appeal with the Circuit Court before submitting the motion to amend. Defendants argue that filing the Notice of Appeal ousted the District Court of jurisdiction over this case. I disagree.

The Federal Rules of Appellate Procedure 4(a)(4), at least in my view, grant the District Court authority to rule on a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) even after a Notice of Appeal has been filed. The Rule provides in relevant part:

> (B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [includes Rule 59(e) motions]—the notice becomes effective to appeal a judgment or order, in whole or part, when the order disposing of the last such remaining motion is entered. FED. R. APP. PROC. 4(A)(4).

The motion to amend this Court's February 16, 2006 Judgment was filed within the 10 day timeframe allowed by the Federal Rules of Civil Procedure, bringing this action within the purview of Federal Rule of Appellate Procedure 4(a)(4)(B)(i).

Furthermore, the Second Circuit has held that the filing of a Notice of Appeal only divests the district court of jurisdiction with regard to issues raised and decided in the Order that is on appeal. See, e.g., New York State Nat. Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989). In other words, this Court can address those issues not involved in the appeal. My January 9, 2006 Opinion & Order did not address the extraterritorial application of the Order, the subject of this motion, and thus, is not an issue included in the pending appeal.

*2. Rule 59(e) Motion Standard*

Pursuant to the Federal Rules of Civil Procedure 59(e), a party can make a motion to amend or alter the judgment no later than 10 days after judgment has been entered. The moving party must point to decisions, overlooked by the court, which might reasonably be expected to change the Court's earlier decision. See, e.g., Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). This is a high bar to meet – FRCP 59(e) "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by

the court." Anglo American Ins. Group v. Calfed Inc., XCF, 940 F. Supp. 554, 557 (S.D.N.Y. 1996). The standard is the same for a motion to reconsider under Southern District of New York Local Rule 6.3. See, e.g., Taverez v. U.S.¸ 2005 WL 1500865 (S.D.N.Y. June 23, 2005). Otal has not satisfied the standard here.

Since the parties failed to agree on a final judgment (as they had assured me they would), both sides submitted proposed judgments along with letter briefs setting forth their arguments about the proposed terms of the judgment. In their letter briefs to this Court, both parties specifically addressed the provision in question. Compare Letter from John D. Kimball, Attorney for Plaintiff to Hon. Harold Baer, Jr. (January 30, 2006) (stating that paragraph 5, the provision at issue, "does not establish the default of any parties who have failed to file claims in this proceeding"), with Letter from Chester D. Hooper, Attorney for Tricolor, to Hon. Harold Baer, Jr. (January 31, 2006) (stating that limitation proceedings in the United States do not have extraterritorial effect). This Court fully considered the issue of limiting the scope of the Judgment to entities in the United States at that time. In fact, this issue was raised prior to the onset of litigation and had been memorialized in a signed letter agreement to the effect that certain claims would be litigated in Belgium, notwithstanding the limitation proceeding in this Court. Letter Agreement between Otal and Tricolor Interests (Feb. 1, 2005).

In this motion, plaintiff relies on case law it failed to include in its letter brief to this Court as information that could reasonably be expected to change my earlier decision. It simply reiterates that this Court has authority to enjoin parties properly before it.[1] It does not present new evidence overlooked by me. Plaintiff cannot relitigate issues in this Court simply by submitting additional case citations espousing the same theories argued before.

In sum, this evidence does not meet the high bar required to satisfy the Rule 59(e) standard. I fully considered plaintiffs' arguments before entering a Judgment on February 16, 2006. It is well-established that Rule 59(e) does not allow unsatisfied plaintiffs to relitigate settled issues and get another bite at the apple.[2] More is needed and it does not exist here.

---

[1] This authority to enjoin individuals with regard to their activities abroad is limited – Court's must balance the equities before doing so. Petition of Bloomfield S.S. Co., 422 F.2d 728, 732 (2d Cir. 1970).
[2] This court does not reach the merits of this action because it is not necessary to do so. It does not appear that the facts of this case (in particular the pending Belgium proceeding) militate in favor of exercising this Court's discretion to enjoin all claims against Otal, worldwide.

### III. CONCLUSION

Since the Court fully considered the arguments presented by both parties before entering Judgment in this case, this motion is denied. The Clerk of the Court is directed to close any open motions and remove this case from my Docket.

**IT IS SO ORDERED.**

**New York, New York**
**April ___, 2006**

_____
U.S.D.J.